**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SUBI MEHMETI**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**REPUBLIC OF ALBANIA CONSUL OF MINISTRIES, *et al.*,**<br><br>**Defendants.** | ) | **Case No. 23-cv-2847 (APM)** |

**MEMORANDUM OPINION**

This action arises out of the April 2019 demolition of real property owned by pro se Plaintiff Subi Mehmeti in the City of Tirana, Republic of Albania. Compl., ECF No. 1 [hereinafter Compl.], at 4 ¶ III.A.1, at 7 ¶ 6.[1] According to Plaintiff, his "property was seized, demolished, and permanently appropriated by the Albanian State without notice, without compensation, and through violent state action." Pl.'s Resp. to the Rep. of Alb.'s Jan. 15, 2026 Submission, ECF No. 60 [hereinafter Pl.'s Resp.], at 1 ¶ 2. A new thoroughfare—"New Boulevard"—was built on top of the property. *See id.* at 20 ¶ 110; *see also* Compl. at 8 ¶ D.3; Compl., Ex. N, ECF No. 1-14. Plaintiff brought this suit in September 2023, naming as defendants the Republic of Albania and the Municipality of Tirana, seeking compensation for the alleged unlawful expropriation. Compl. at 9.

Appearing pro se through Albania's State Advocate's Office, Defendants seek dismissal based primarily on sovereign immunity. *See* Resp. of the Rep. of Alb., ECF No. 56, at 1–2, 9. Plaintiff counters that Defendants are not immune and that the court has subject matter jurisdiction

[1] Given inconsistent pagination, the court refers to the page numbers indicated by the ECF stamp.

under the expropriation exception of the Foreign Sovereign Immunities Act (FSIA). Pl.'s Resp. at 3 ¶ 9 (citing 28 U.S.C. § 1605(a)(3)). That exception divests foreign sovereign immunity "in any case"

> [1] in which rights in property taken in violation of international law are in issue and that [2A] property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or [2B] that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States . . . .

28 U.S.C. § 1605(a)(3) (bracketed labels added). "A district court thus has jurisdiction over claims against a foreign state or its agencies and instrumentalities under the expropriation exception if rights in property are at issue, that property has been taken in violation of international law, and the appropriate 'commercial-activity nexus requirement' is satisfied." *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 110 F.4th 242, 250 (D.C. Cir. 2024) (citation omitted).

Here, Plaintiff's pleading fails to meet the "commercial-activity nexus requirement." The D.C. Circuit has explained that "[t]he nexus requirement differs somewhat for claims against the foreign state . . . as compared with claims against an agency or instrumentality of the foreign state." *Simon v. Rep. of Hung.*, 812 F.3d 127, 146 (D.C. Cir. 2016), *rev'd in part on other grounds sub nom. Fed. Rep. of Ger. v. Philipp*, 592 U.S. 169 (2021). Clause 2A (above) is "the only path to jurisdiction over claims against a foreign state itself: the property that is the subject of the claims (or property exchanged for it) must be 'present in the United States in connection with a commercial activity' that the foreign state 'carrie[s] on' in the United States." *Agudas Chasidei*, 110 F.4th at 250–51 (quoting 28 U.S.C. § 1605(a)(3)). Or, put simply, "a foreign state is immune to claims for the expropriation of property not present in the United States." *Schubarth v. Fed. Rep. of Ger.*, 891 F.3d 392, 394 (D.C. Cir. 2018); *see also Agudas Chasidei*, 110 F.4th

at 252 ("[T]here is no jurisdiction over a claim against a foreign state under the FSIA's expropriation exception unless the expropriated property is located in the United States"). The rule's application in this case is straightforward: Albania is a foreign state and, because the property at issue is not in the United States, the court lacks subject matter jurisdiction as to Plaintiff's claims against the Republic. *See id.* at 394–95.

The same result obtains for the Municipality of Tirana. To determine whether the Municipality is a "foreign state," as opposed to an "agency or instrumentality," the court considers whether its "core functions . . . are governmental or commercial." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994). If its core functions are "commercial," it is an agency or instrumentality; if its core functions are governmental, it is considered the foreign state itself. *See De Csepel v. Rep. of Hung.*, 27 F.4th 736, 743 (D.C. Cir. 2022). That distinction is relevant because, for purposes of the expropriation exception, in a suit against an agency or instrumentality the property need not be present in the United States, but "it must be 'owned or operated by an agency or instrumentality of the foreign state' that is 'engaged in a commercial activity in the United States'" (clause 2B, above). *Agudas Chasidei*, 110 F.4th at 251 (quoting *Simon*, 812 F.3d at 146).

Plaintiff only pleads that the Municipality of Tirana is a "foreign state." He makes no distinction between the two defendants. He alleges that the "*State Institutions* of the Republic of Albania seized and forcibly appropriated all my properties." Compl. at 4 ¶ C (emphasis added). And he pleads no facts from which to draw the plausible inference that the Municipality's core function is commercial. The Municipality of Tirana therefore is immune from Plaintiff's suit for

the same reason as Albania: the subject property is outside the United States and therefore the claims fall outside the expropriation exception to the FSIA.[2]

For the foregoing reasons, the court grants Defendants' request for dismissal of this action, ECF No. 56. A separate, final appealable order accompanies this Memorandum Opinion.



Dated: November 9, 2026

Amit P. Mehta
United States District Judge

[2] Plaintiff filed a supplemental brief in which he identifies various ways in which he claims Albania engages in commercial activity in the United States. *See* Pl.'s Suppl. Br. Regarding § 1605(a)(3) Jurisdictional Nexus, ECF No. 62, at 1–5. But even if true, those activities are not relevant given that the property at issue is not in the United States.